UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NICOLETTE A. DAVIS-YOUNG, CIVIL NO. 00-1853 (JMM)

Plaintiff,

v. ORDER

US WEST COMMUNICATIONS, INC.,

Defendant.

The above matter came on for hearing before the undersigned on January 17, 2001 upon Defendant's Motion for Summary Judgment [Docket No. 15]. Plaintiff appeared *pro se*; Andrew S. Hansen, Esq., appeared on behalf of Defendant. The parties have consented to have all proceedings conducted before the undersigned pursuant to 28 U.S.C. §636(c) and Local Rule 72.1(g).

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [Docket No. 15] is denied.

Dated: February 22, 2001

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

Plaintiff began this action as a Conciliation Court matter to recover disability benefits which she had received from Defendant, and which Defendant was taking back

FEB 22 2001

through deductions from her paycheck. [Docket No. 1]. Defendant removed the case to this Court. [Docket No. 1]. After the case was removed, Plaintiff filed an Amended Complaint [Docket Nos. 12, 13] seeking the return of all money garnished from her paychecks as disallowed benefits, which as of October 27, 2000 totaled $1,480.00.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate if the materials submitted in support of the motion "show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The standards for considering a Motion for Summary Judgment have their foundation in the provisions of Rule 56 of the Federal Rules of Civil Procedure, as interpreted in a trilogy of cases decided by the Supreme Court in 1986. In Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986), the Supreme Court described the importance of the summary judgment procedure:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' . . . Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

On a Motion for Summary Judgment, the moving party has the initial burden of establishing the "material facts" and demonstrating that there is not a "genuine" dispute as to whether those material facts are true. Celotex Corp., 477 U.S. at 322-323. To

defeat the motion, the opposing party must then establish that there is a "genuine" issue as to material facts. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Fed. R. Civ. P. 56(e).

The Court is guided in determining issues of materiality of the facts and the genuineness of the dispute by additional standards. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co., 475 U.S. at 586. The Court considers the Motion for Summary Judgment based upon the materials presented in connection with the Motion. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The Court's inquiry should be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251.

These principles have been explained and applied by the Court of Appeals for the Eighth Circuit in numerous cases. E.g., Hartnagel v. Norman, 953 F.2d 394, 395-396 (8th Cir. 1992); Fischer v. NWA, Inc., 883 F.2d 594, 598 (8th Cir. 1989); cert. denied, 495 U.S. 947 (1990). Health Care Equal. Comm. of the Iowa Chiropractic Soc'y v. Iowa Medical Soc'y, 851 F.2d 1020, 1031-1032 (8th Cir. 1988).

## II. FACTS

Plaintiff was seen by Dr. Joan Trowbridge and Dr. Don Pachl in the fall of 1999 for extreme back, shoulder, and neck pain. Plaintiff continued to have problems with pain, and on January 20, 2000, an MRI scan revealed that she had two herniated discs. Dr. Terry Hood performed surgery on Plaintiff to remove one of the herniated discs on January 23, 2000.

Following her surgery, Plaintiff applied for benefits under the Short-Term Disability Benefit Plan (the "Plan") administered by Defendant. Defendant paid benefits to Plaintiff under the Plan from the time of her surgery through March 24, 2000. During the period from March 13 through March 24, Plaintiff had returned to work on a part-time basis, and as a result she received only partial benefits under the Plan.

On March 28, 2000, Defendant informed Plaintiff by letter that the payment of benefits to her for the period of March 6 through March 24 had not been approved. The letter informed Plaintiff that she had a right to appeal the denial of benefits, and that the disallowed benefits would begin to be extracted from her paychecks immediately. Plaintiff instituted this action to recover the short-term disability benefits paid to her under the Plan from March 6, 2000 through March 24, 2000, and then revoked by Defendant.

## III. DISCUSSION

Defendant argues that summary judgment against Plaintiff is appropriate because no genuine issue of material fact exists as to whether the Plan Administrator abused his discretion in revoking Plaintiff's short-term disability benefits. Plaintiff argues that she met the requirements of the Plan and was entitled to the benefits paid from March

6, 2000 through March 24, 2000. The Court must determine if Defendant has carried its burden under Fed. R. Civ. P. 56(c) by demonstrating that no genuine issue of material fact exists.

### A. Review of Plan Decisions

Ordinarily, a discretionary decision by the administrator of a benefits plan governed by ERISA, such as the Plan in this case, is subject to review for an abuse of that discretion. However, the Court of Appeals for the Eighth Circuit has recognized that, under certain circumstances, a more stringent standard of review is appropriate. Schatz v. Mutual of Omaha Insurance Co., 220 F.3d 944, 947 (8th Cir. 2000). The heightened standard of review is not applicable to the instant case, at this time, because no material, probative evidence has been presented to the Court to show that Defendant, because of its dual role as sponsor and administrator of the Plan, breached its fiduciary duty to Plaintiff as Plan administrator. See Schatz, 220 F.3d at 948 (difficult for plaintiffs to make such a showing because evidence must give rise to serious doubts as to whether result was product of arbitrary decision or administrator's whim). Therefore, for purposes of this Motion, we confine our review to whether a genuine issue of facts exists as to whether Defendant abused its discretion by revoking the award of benefits to Plaintiff.

### B. Objective Medical Evidence

Defendant argues that summary judgment should be granted in its favor because it is undisputed that Plaintiff failed to provide objective medical evidence of her disability as required under the Plan. In support of this argument, Defendant refers the Court to a description of the Plan. Hanson Aff., Ex. A. The Plan description states that,

in order to receive short-term disability benefits a person must, among other things, "[f]urnish documentation (including objective findings) of your disability to US West Health Services as soon as possible but no later than three weeks from your first day of absence, and cooperate with requests for additional information." Ex. A at 6. The Plan description further states that failure to comply with this requirement may result in one's benefits being denied, reduced, or discontinued. Ex. A at 6.

Defendant argues that no genuine issue of material fact exists because Plaintiff failed to provide objective medical evidence as required by the Plan. In light of the approximately six weeks of benefits paid to Plaintiff which were not revoked, Defendant would seem to concede that objective medical evidence existed to justify awarding benefits to Plaintiff for the period through March 6, 2000. It is undisputed that Defendant paid benefits to Plaintiff under the Plan during that time, and did not seek to revoke those benefits. Defendant has not presented the Court with any evidence to justify its conclusion that the objective medical evidence justifying an award of benefits through March 6 no longer justified an award of benefits after that date. In addition, Plaintiff has provided evidence to the Court that she was still taking prescribed medication and participating in physical therapy for her back pain after March 6, 2000. We cannot find as a matter of law that Defendant did not abuse its discretion in revoking some of Plaintiff's benefits, because a question as to whether Defendant's decision to revoke Plaintiff's benefits was justified still exists.

**C. Authority for Revocation**

At the hearing, a question was raised as to what authority Defendant had to revoke previously-paid benefits. The description of the Plan submitted to the Court discusses the potential recovery of benefits through a payroll deduction only in cases where the employee receives retroactive benefits from another source. Genuine issues of fact also exist regarding whether Defendant's decision to take back benefits already authorized and paid to Plaintiff was an abuse of discretion.

## IV. CONCLUSION

After the hearing, Defendant submitted a letter to the Court, in addition to an Affidavit with two Exhibits. These documents were neither requested nor authorized by the Court, and are not permitted by Local Rule 7.1. At trial, the jury will be able to consider this additional evidence, and to resolve the question of whether Defendant's actions were proper. On the record before the Court, we cannot find that Defendant has carried its burden by showing that no genuine dispute exists as to the material facts in this case.

JMM